TO BE PUBLISHED

# Supreme Court of Kentucky

2020-SC-0230-KB

KENTUCKY BAR ASSOCIATION                                      MOVANT

V.                                IN SUPREME COURT

MICHAEL C. SKOUTERIS                                    RESPONDENT

## OPINION AND ORDER

On May 7, 2020, the Supreme Court of Tennessee entered an order suspending Respondent, Michael C. Skouteris, from the practice of law.[1] Thereafter, the KBA filed a petition with this Court asking that we impose reciprocal discipline pursuant to SCR 3.435(4). Because Skouteris failed to show cause as to why we should not impose reciprocal discipline, this Court hereby suspends him from the practice of law, consistent with the order of the Supreme Court of Tennessee.

## I. BACKGROUND

Skouteris had nineteen separate disciplinary complaints in Tennessee, which were all resolved on February 18, 2020, when he submitted a

---

[1] Skouteris was admitted to the practice of law in the Commonwealth of Kentucky on November 14, 2008. His bar roster address is 8896 Meadow Ridge Cove, West Cordova, Tennessee 38016, and his Kentucky Bar Association (KBA) number is 92806.

conditional guilty plea admitting he knowingly and intentionally misappropriated client funds. In conjunction with that disciplinary action, the Supreme Court of Tennessee ordered Skouteris to pay restitution of more than $1,000,000 for funds he wrongfully received and retained in settlement of personal injury cases. Skouteris also admitted he knowingly misled clients as to the status of their cases and the filing of pleadings and admitted he generally failed to adequately communicate with clients. Skouteris also admitted to forging client signatures on settlement paperwork and representing clients while suspended from the practice of law.

The Supreme Court of Tennessee accepted Skouteris's guilty plea wherein he admitted to violating numerous Tennessee Rules of Professional Conduct. Specifically, Skouteris admitted to violating:

- Rule 1.2—regarding the scope of representation and allocation of authority between client and lawyer, which is substantively the same as Kentucky's Supreme Court Rule (SCR) 3.130-1.2;

- Rule 1.3—regarding diligence, which is substantively the same as Kentucky's SCR 3.130-1.3;

- Rule 1.4—regarding communication, which is substantively the same as Kentucky's SCR 3.130-1.4;

- Rule 1.5—regarding fees, which is substantively the same as Kentucky's SCR 3.130-1.5;

- Rule 1.15—regarding the safekeeping of property, which is substantively the same as Kentucky's SCR 3.130-1.15;

- Rule 1.16—regarding declining or terminating representation, which is substantively the same as Kentucky's SCR 3.130-1.16(d);

- Rule 3.3—regarding lack of candor toward a tribunal, which is substantively the same as Kentucky's SCR 3.130-3.3;

- Rule 3.4—regarding fairness to opposing party and counsel, which is substantively the same as Kentucky's SCR 3.130-3.4;

- Rule 4.1—regarding truthfulness in statements to other parties, which is substantively the same as Kentucky's SCR 3.130-4.1;

- Rule 5.5—regarding the unauthorized practice of law, which is substantively the same as Kentucky's SCR 3.130-5.5(a);

- Rule 8.1—regarding the knowing failure to respond to a valid request for information from a disciplinary authority, which is substantively the same as Kentucky's SCR 3.130-8.1(b); and

- Rule 8.4—regarding the commission of criminal acts involving dishonesty, fraud, deceit, or misrepresentation, which is substantively the same as Kentucky's SCR 3.130-8.4.

As a result of those violations, the Supreme Court of Tennessee disbarred Skouteris. However, at the time, that court's rules did not provide for permanent disbarment; as a result, pursuant to Tennessee's Supreme Court Rule 9 §§ 28 and 30.4, he may apply for reinstatement in Tennessee after five years if he has made the required restitution at that time.

## II. ANALYSIS

If an attorney licensed to practice law in this Commonwealth receives discipline in another jurisdiction, SCR 3.435(4) requires this Court to impose identical discipline subject to two possible exceptions. Pursuant to SCR 3.435(4), we impose reciprocal discipline as Skouteris failed to prove "by substantial evidence: (a) a lack of jurisdiction or fraud in the [Tennessee] disciplinary proceeding, or (b) that misconduct established warrants substantially different discipline in this State." Skouteris filed no response to the show cause motion apart from filing a motion that this Court treated as a motion for enlargement of time and an accompanying affidavit. That affidavit was from the director of the Christian recovery program Skouteris completed and for which he now works. This response did not serve to prove by substantial evidence Tennessee lacked jurisdiction, there was fraud in the underlying proceedings, or why the Commonwealth should impose substantially different discipline. SCR 3.435(4)(c) requires this Court to recognize that "[i]n all other respects" a final adjudication of misconduct in another jurisdiction establishes conclusively the same misconduct for purposes of a disciplinary proceeding in Kentucky. Because Skouteris failed to show cause otherwise, we impose reciprocal discipline.

## III. ORDER

Having failed to show sufficient cause, it is hereby ORDERED as follows:

1. Michael C. Skouteris is disbarred from the practice of law in the

4

Commonwealth of Kentucky for a minimum of five years, effective from the entry of this Opinion and Order, until such time as he is reinstated to the practice of law in Tennessee *and* until he is reinstated to the practice of law by Order of this Court pursuant to SCR 3.510;

2. Pursuant to SCR 3.390, Skouteris shall, if he has not already done so, within ten days from the entry of this Opinion and Order, notify all clients, in writing, of his inability to represent them; notify, in writing, all courts in which he has matters pending of his disbarment from the practice of law; and furnish copies of all letters of notice to the Office of Bar Counsel. Furthermore, to the extent possible, Skouteris shall immediately cancel and cease any advertising activities in which he is engaged; and

3. In accordance with SCR 3.450, Skouteris shall pay all costs associated with these disciplinary proceedings against him, and for which execution may issue from this Court upon finality of this Opinion and Order.

All sitting. All concur.

ENTERED: December 17, 2020.

_____
CHIEF JUSTICE

5